This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 34,476**

**FRANCISCO RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stanley Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant Francisco Rodriguez filed a docketing statement, appealing from the

district court's affirmance of his conviction by conditional plea for driving while under the influence of intoxicating liquor (first offense), contrary to NMSA 1978, § 66-8-102 (2010). [DS 1] In this Court's notice of proposed disposition, we proposed to adopt the district court's memorandum opinion affirming the conviction. [CN 2] Defendant timely filed a memorandum in opposition. We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we affirm Defendant's conviction.

{2}     In his memorandum in opposition, Defendant continues to argue that the roadblock that resulted in the stop did not satisfy the requirement in *City of Las Cruces v. Betancourt*, 1987-NMCA-039, ¶ 14, 105 N.M. 655, 735 P.2d 1162, that the roadblock be conducted and established by sufficiently high-ranking supervisory law enforcement personnel. [MIO 1] Specifically, Defendant contends that the district court did not satisfy the mandate in *Betancourt* that the reasonableness of the roadblock be closely scrutinized and that, as a result, the district court took an improperly wide and permissive view of who qualifies as supervisory law enforcement personnel. [MIO 1] *See id.* ¶ 10. Defendant does not offer any explanation or authority in support of his contention, *see Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28,

2

320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); rather, he merely asserts that the district court's purported "wide and permissive view" was contrary to *Betancourt*. We are unpersuaded.

{3}     In accordance with the requirements set forth in *Betancourt*, the district court analyzed whether the sergeant on scene was sufficiently high-ranking to qualify as supervisory law enforcement personnel, considering the facts that the sergeant was the DWI unit supervisor, was one of only fifteen sergeants in the department, and was the highest ranking official in the DWI unit. [RP 64–65] The district court additionally considered the facts that the sergeant did not take calls for service and did not interact with the motoring public on the night of the checkpoint except to flush vehicles through. [RP 65] The district court explained that the sergeant's entire responsibility that night was to ensure that the checkpoint operated pursuant to the established guidelines and that this meets the purpose of the *Betancourt* requirement to prevent officers in the field from exercising unbridled discretion. [RP 65] We conclude that these considerations and the analysis undertaken by the district court were sufficient to meet the close-scrutiny standard referenced in *Betancourt*, regardless of whether the district court expressly stated that it was undertaking such a close-scrutiny analysis. *See* 1987-NMCA-039, ¶ 14

3

{4}     Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's conviction.

{5}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**M. MONICA ZAMORA, Judge**